EXHIBIT "F"



**From:** Lasher, Lisa <Lisa.Lasher@finra.org>
**Sent:** Thursday, July 18, 2024 2:13 PM
**To:** 'Shah, Nirav' <nirav.shah@cantor.com>; Neal Brickman <neal@brickmanlaw.com>; Ethan Leonard <ethan@brickmanlaw.com>
**Cc:** Cazales, Monica <Monica.Cazales@finra.org>
**Subject:** RE: Response Requested - Case ID 22-02539 Simon D. Andriesz vs. BGC Financial, L.P., Cantor Fitzgerald & Co., Jean Pierre Aubin, Michael Carl Sulfaro, et al.

1

> Caution! This message was sent from outside your organization.

Good afternoon. Your submissions below have been forwarded to me for a response.

I note that Mr. Brickman has requested initiation of suspension proceedings based upon a failure to comply with the Award. Because this matter included claims of unpaid compensation, and the dispute involves the withholding of FICA taxes, FINRA will not commence expedited suspension proceedings.

Best,

Lisa Lasher
Associate Director
DRS Case Administration


**From:** Shah, Nirav <nirav.shah@cantor.com>
**Sent:** Wednesday, July 17, 2024 11:33 AM
**To:** Neal Brickman <neal@brickmanlaw.com>; Cazales, Monica <Monica.Cazales@finra.org>; Ethan Leonard <ethan@brickmanlaw.com>
**Subject:** RE: Response Requested - Case ID 22-02539 Simon D. Andriesz vs. BGC Financial, L.P., Cantor Fitzgerald & Co., Jean Pierre Aubin, Michael Carl Sulfaro, et al.

> **WARNING: External Sender!** Exercise caution with links, attachments and requests for login information.

Ms. Cazales,

Mr. Brickman's demand that FINRA initiate suspension proceedings is unwarranted. To the extent FINRA's Office of Dispute Resolution intends to take his request seriously (and it should not), we request a discussion with the Director or his designee to address the matter. In advance of that discussion, some further explanation of BGC's compliance with the Award is provided below.

As you have seen from my prior email, BGC Financial paid the full amount of the award - $500,000 in gross compensation to Mr. Andriesz, net of appropriate federal withholding. BGC Financial is Mr. Andriesz's former employer and faced claims for front pay, back pay, and loss of earnings. BGC Financial is *required* under U.S. tax law to withhold tax on any amounts awarded with respect to those theories of injury, pursuant to IRS guidance and well-established case law. *See, e.g.*, "Tax Implications of Settlements and Judgments," Internal Revenue Services, *available at* https://www.irs.gov/government-entities/tax-implications-of-settlements-and-judgments [irs.gov]; *Cifuentes v. Costco Wholesale Corp.*, 238 Cal. App.4th 104 (Cal. App. 2015); *Natale v. East Coast Salon Servs., Inc.*, 2016 WL 659722 (D.N.J. 2016); *Cheetham v. CSX Transp.*, 2012 WL 1424168 (M.D.Fla. 2012); *Noel v. NYS Office of Mental Health*, 697 F.3d 209 (2d Cir. 2012).

It is clear that the full amount of the Award relates to wages. Mr. Brickman's speculation as to the nature of the damages awarded ignores the literal text of the Award. For example, he asserts that "if the Award was for ... attorneys' fees, ... or for punitive damages, no tax withholding would be required." That is true, but the Award cannot be for these categories, as the Panel explicitly stated in the Award that "any requests for prejudgment,

2

post-judgment or statutory interest, statutory and/or punitive damages, and attorneys' fees, are *denied*." While the Panel's award does not expressly identify the Award as "wages," its description of the Award amount as "compensatory damages" and its rejection of claims against all parties other than Mr. Andriesz's former employer make clear that the Award represented compensation (i.e., wages) to Mr. Andriesz arising out of his employment relationship with BGC Financial. That conclusion is supported by the hearing record. Mr. Andriesz's counsel argued in pre-hearing briefs, opening arguments, post-hearing briefs, and summation that there were two principal claims in the case: breach of an employment contract and Dodd-Frank retaliation. Counsel presented a damages theory and expert report under which the vast majority of money damages sought related to back and front pay (i.e., wages). Ultimately, the Panel found in all Respondents' favor on the Dodd-Frank claim, specifically stating that it was rejecting "statutory and/or punitive damages" and declining to award the attorneys' fees that would be awarded to a prevailing party under the statute. That leaves the breach of contract claim as the sole basis for the Panel's award. Under that cause of action, *any* recovery is appropriately classified as wages because pain and suffering damages are unavailable in breach of contract cases. *See, e.g.*, 11 W. Jaeger, Williston on Contracts § 1341, p. 214 (3d ed. 1968) ("Mental suffering caused by breach of contract, although it may be a real injury, is not generally allowed as a basis for compensation in contractual actions."); E. Farnsworth, Contracts § 12.17, p. 894 (1982) (describing rule of "generally denying recovery for emotional disturbance, or 'mental distress,' resulting from breach of contract" as "firmly rooted in tradition"); J. Perillo, Calamari & Perillo on Contracts § 14.5, p. 495 (6th ed. 2009) ("As a general rule, no damages will be awarded for the mental distress or emotional trauma that may be caused by a breach of contract."); C. McCormick, Law of Damages § 145, p. 592 (1935) ("It is often stated as the 'general rule' that, in actions for breach of contract, damages for mental suffering are not allowable.").

BGC Financial is simply not free to ignore federal tax law. But if BGC's tax treatment is incorrect, Claimant has a perfectly good mechanism to recover any underpayment: he can file a return with the IRS classifying the income in the way that he prefers and, assuming the IRS finds that he is right, he will receive a refund. Notably, in his email below, while counsel appears to recognize that *some* withholding is appropriate, he never identifies what specific portion of the Award that is. He objects only to the fact that BGC applied tax on the "entire amount." While BGC contends that the Award establishes that *none* of the Award relates to categories of damages other than compensation, nothing prevents the Claimant from recovering from the IRS any amounts that, according to him, should not have been withheld. It is not for FINRA to dictate tax treatment here – the Office of Dispute Resolution should leave that question to the parties and the tax authorities.

Given that he can personally recover any overwithholding of tax, why is Claimant demanding suspension proceedings here? FINRA should understand what is really at play, because it has nothing to do with the interests of the Claimant. As Claimant admitted under oath during the hearing, the litigation against BGC Financial was financed using a litigation funding firm called Legalist, which Claimant agreed would receive at least the first $1.3 million of any recovery. Legalist now wants to pocket as much of the Award as possible, with nothing left over for Claimant himself, and with no regard for the parties' obligation to comply with the law. This context is important because it demonstrates the absurdity of counsel's allegation that BGC Financial is "retaliating" against the Claimant by withholding tax. It is an unscrupulous lender, not Claimant, whose interests Claimant's counsel is advancing here. BGC Financial has no relationship with, or obligation to, Legalist – it made payment to Claimant for past wages and appropriately withheld tax from that payment, as the tax laws require.

We are available to address any other questions FINRA may have, but respectfully request that FINRA mark this dispute closed.

Respectfully,

**Nirav S. Shah** (he/him)
Senior Managing Director | Co-Head of Litigation
Cantor Fitzgerald | BGC Group | Newmark Group
110 E. 59th St., 7th Fl. | New York, NY 10022
Direct: (212) 294-7873 | Nirav.Shah@cantor.com

**From:** Neal Brickman <neal@brickmanlaw.com>
**Sent:** Wednesday, July 17, 2024 8:21 AM
**To:** Cazales, Monica <Monica.Cazales@finra.org>; Shah, Nirav <nirav.shah@cantor.com>; Ethan Leonard <ethan@brickmanlaw.com>
**Subject:** RE: Response Requested - Case ID 22-02539 Simon D. Andriesz vs. BGC Financial, L.P., Cantor Fitzgerald & Co., Jean Pierre Aubin, Michael Carl Sulfaro, et al.

[**External Email:** Use Caution when clicking on links and attachments]

Dear Ms. Cazales:

    We represent Simon Andriesz, the Claimant in the above-referenced case. We do not believe that BGC (the liable party in this FINRA arbitration) has satisfied the Award. Despite requesting an Explained Award, the Award in question was not explained and did not delineate what the Award was intended to compensate the Claimant for. There is no indication that the Award was for wages. In this regard, BGC has acknowledged that if the Award was for pain and suffering, emotional trauma, attorneys' fees, the loss of the value of Mr. Andiesz's life, or for punitive damages, no tax withholding would be required.

    Notwithstanding this acknowledgement, BGC unilaterally determined that the entire Award amount constituted wages and withheld taxes from the entire Award amount. As a result, BGC tendered a check made payable to Mr. Andriesz for $296,431.48 purportedly to satisfy a $500,000 award.

    To compound its punitive folly and in further retaliation for Mr. Andriesz's whistleblowing activities, BGC withheld taxes from the Award payment as if Mr. Andriesz was an US taxpayer. BGC knows full well that Mr. Andriesz is a British citizen, who relocated back to England shortly after his employment with BGC was improperly terminated in early 2017. The withholding – which should not have been made on the entire Award amount – is doubly flawed because it was calculated as if Mr. Andriesz was/is a US taxpayer. In short, Claimant intends to return the check to BGC because it does not come close to satisfying the Award.

    We respectfully request that, for this, and a myriad of other good reasons, FINRA should begin suspension proceedings against BGC. Thank you for your courtesies and cooperation in this matter.

Neal Brickman, Esq.
The Law Offices of Neal Brickman, P.C.
The GrayBar Building
420 Lexington Avenue, Suite 2811
New York, New York 10170
Telephone: 212-986-6840
Facsimile: 212-986-7691


**From:** Cazales, Monica <Monica.Cazales@finra.org>
**Sent:** Tuesday, July 16, 2024 4:24 PM
**To:** nirav.shah@cantor.com; Neal Brickman <neal@brickmanlaw.com>
**Subject:** Response Requested - Case ID 22-02539 Simon D. Andriesz vs. BGC Financial, L.P., Cantor Fitzgerald & Co., Jean Pierre Aubin, Michael Carl Sulfaro, et al.

> Caution! This message was sent from outside your organization.

Hello,

I am writing from FINRA's Case Administration Department in New York.

I am writing to follow up on the status of award compliance in this matter. The liable party is required to notify FINRA in writing within 30 days of receipt of an award that they have paid or otherwise complied with the award, or to identity a valid basis for non-payment. Alternatively, the prevailing party may submit confirmation of receipt of payment. If the liable party has not complied with the arbitration award, FINRA will initiate suspension proceedings.

Please advise whether the attached arbitration award has been paid. Please note, in order to halt suspension proceedings, FINRA requires proof of payment (i.e., copy of check/wire transfer) or confirmation of payment must be received from the payee.

Best regards,
Monica Hernandez Cazales

Confidentiality Notice:: Information contained in or attached to this email may be non-public, privileged, or confidential. Do not use, save, or copy any of that information, and do not share it with anyone else, unless you are the intended recipient. The sender has not authorized you to save, copy, use, or share any information provided to you in error. If the sender sent you this email or any attachment by mistake, please let the sender know by replying to this email and then deleting it.

DISCLAIMER

This communication may include confidential and privileged information, is for
information purposes only, is not a recommendation or a trade confirmation, is not an
offer to sell, or a solicitation of an offer to buy. If you are not the intended
recipient, please advise the sender immediately and delete or destroy this communication
and any copies. Use by other than intended recipients is prohibited.

For additional disclosures, including disclosures relevant to your region, please see
https://www.cantor.com/disclosures/electronic-communications-disclaimers-disclosures/
.
For disclosures related to how your personal data is processed in certain please see
https://www.cantor.com/customer-privacy-notice/