

Nirav S. Shah
110 East 59th Street, 7th Floor
New York, New York 10022
T: (212) 294-7873
Email: nirav.shah@cantor.com

October 18, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court 500 Pearl Street
Southern District of New York Courtroom 15C
500 Pearl Street, Room 1620

Re: *Andriesz v. BGC Financial, L.P.*, No. 24-cv-07004-LJL (S.D.N.Y.) – **Unopposed Letter-Motion Requesting Sealing of Documents**

Dear Judge Liman:

Pursuant to Attachment A of Your Honor's Individual Practices in Civil Cases, Respondent BGC Financial, L.P. ("BGC," or "Respondent") respectfully submits this letter-motion requesting the Court's approval to seal certain limited portions of exhibits to the attorney declaration in support of Petitioner Simon Andriesz's ("Petitioner," or "Andriesz," and, together with BGC, the "Parties") petition to vacate or modify the recent arbitration award between the Parties (the "Petition"), and to file a redacted version for the public record.[1] The exhibits in question (attached to the accompanying Shah Declaration as Exhibits 3-17) are ECF Nos. 7-8, 7-9, 7-10, 7-11, 7-15, 7-16, 7-17, 7-18, 7-24, 8-13, 8-21, 8-34, 8-37, 8-38, and 8-39, respectively. BGC's proposed redactions to these exhibits are submitted in connection with this filing. The Parties have met and conferred in good faith about the materials to be filed under seal, and the proposed redactions, and counsel for Petitioner has indicated his consent to sealing and redacting these exhibits as requested by BGC herein. *See* Shah Decl. ¶ 24.

Each of the documents BGC seeks to seal was produced in the FINRA arbitrations that resulted in the award Petitioner challenges, and each was clearly designated "CONFIDENTIAL" by BGC. As a precondition to making their voluminous document productions in those arbitration proceedings, both Parties agreed that documents designated confidential would not be publicly disclosed. *See* Shah Decl. ¶¶ 5, 7; *id.* Ex. 1, ¶ 5; *id.* Ex. 2, ¶ 5. Petitioner never sought to challenge these designations pursuant to the terms of the agreements. The posting of these materials on the Court's public docket therefore represented breaches of the parties' valid and enforceable contracts. Similarly, the parties' agreement required that transcripts of arbitration testimony be

---

[1] BGC makes this letter-motion without prejudice to its defenses to the underlying Petition, including jurisdictional defenses. BGC's deadline to answer the Petition is November 25, 2024.

treated as confidential.  *See* Shah Decl. ¶ 7.  Each of the witnesses at hearing testified pursuant to the protections of that confidentiality agreement.

Despite the parties' clear agreement, Petitioner filed all of these confidential materials on the Court's open docket.  While Petitioner should have filed the entirety of these documents and transcripts under seal, BGC seeks solely to redact sensitive portions of those documents.

I. **The Information in Issue Should Be Sealed and Redacted Because It Was Disclosed in a Confidential Arbitration Under the Terms of a Confidentiality Stipulation**

Courts in the Second Circuit ordinarily weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties, and documents may require confidential treatment where it is "essential to preserve higher values" and the sealing "is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks and citation omitted).

However, in circumstances where a party seeks to file, on a public docket, confidential arbitration materials, the Second Circuit has held that "***any presumption of public access to judicial documents is outweighed by the importance of confidentiality under the [Federal Arbitration Act]***" and has accordingly "rejected attempts . . . to unseal confidential documents obtained in individual arbitrations by filing them in court." *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 65, 70 (2d Cir. 2023) (emphasis added); *see also Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008) (holding that confidentiality is "a paradigmatic aspect of arbitration"); *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 86 (2d Cir. 2023) ("Plaintiffs' counsel may not end-run the Confidentiality Provision by filing protected materials and then invoking the presumption of access to judicial documents.").  Consequently, the sealing of documents obtained in a prior arbitration and subject to a confidentiality agreement, as well as any references to information contained in those documents, is routinely permitted when the plaintiff files a motion to modify the arbitration award.  *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 827 (2d Cir. 1997).

This is exactly the situation at present – all of the materials BGC seeks to redact were designated "CONFIDENTIAL" pursuant to a binding stipulation of confidentiality.

II. **Non-Public Information Related to BGC's Revenues and Business Strategies Should Be Sealed Due to Its Commercial Sensitivity**

Were the Court to more closely assess the materials BGC seeks to redact – which it need not do under *Stafford* and its progeny – the sensitivity of these materials merits sealing.  "Business secrecy" is a well-established factor "outweigh[ing] the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).  Most of BGC's requested redactions relate to sensitive, non-public information regarding the revenues and business development strategies of BGC's New York and London Futures desks.  This includes the purported revenues generated over certain time periods by the desks, or information regarding BGC's confidential business initiatives, such as strategies for recruiting and staffing brokerage teams or generating new business from clients.  *See* Shah Decl. ¶ 23 (identifying reasons for requested redactions). The public disclosure of this information would thus put BGC at a

competitive disadvantage by making confidential revenues and strategies publicly available to competitors. This information merits sealing and redaction. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (authorizing sealing and redaction of "confidential information . . . including details of Microsoft's sources of revenue and the amounts of its revenue and sales"); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (granting motion to seal materials including "emails revealing confidential negotiations between Skyline and one of its customers"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (authorizing redaction of text disclosing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal internal financial information and budgets).

### III. Non-Public Information Related to the Compensation and Medical History of Non-Party BGC Employees Should Be Sealed to Protect Their Privacy

The remainder of BGC's proposed redactions concern sensitive information regarding non-party BGC employees. This includes the purported compensation and compensation arrangements for non-party employees (as well as their names), as well as statements regarding the medical history of certain non-party employees and their family members. *See* Shah Decl. ¶ 23. Petitioner (in a document that BGC has not sought to redact) even conceded the sensitivity and confidentiality of such information during his time at BGC, when he asserted that BGC's "bonus numbers" were "highly confidential." *See* ECF No. 7-26 at Andriesz004000. And various courts within the Southern District have agreed that the personal privacy interests implicated by this type of information overcome the presumption of public access and merit sealing. *See, e.g.*, *Thor Equities, LLC v. Factory Mut. Ins. Co.*, No. 20 CIV. 3380 (AT), 2023 WL 6382684, at *1 (S.D.N.Y. Sept. 29, 2023) (reasoning that "[p]ersonal medical information implicates significant privacy interests that overcome the strong presumption of public access" (internal quotation marks omitted)); *City of Almaty v. Ablyazov*, No. 15-CV-5345 (AJN), 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021) (granting non-party individual's request to seal documents containing "private financial information in which he has significant privacy interests"); *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, No. 18 CIV. 11366 (LLS), 2023 WL 2674742, at *1 (S.D.N.Y. Mar. 29, 2023) (reasoning that "[t]he protection of personal identifying information of non-parties is a higher value that merits sealing" and granting motion to seal documents containing "the names . . . of individuals, who are not party to this litigation" because "[c]lear harm could result from releasing that information to the public").

### IV. Conclusion

For the above reasons, Respondent BGC Financial, L.P. respectfully requests that the Court grant its unopposed letter-motion to seal.

Regards,

*/s/ Nirav S. Shah*

Nirav S. Shah

*Counsel for Respondent BGC Financial, L.P.*

CC: All counsel of record (via ECF)