```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
SIMON DAVID ANDRIESZ,                                                  :
                                                                       :
                              Petitioner,                              :
                                                                       :           24-cv-7004 (LJL)
               -v-                                                     :
                                                                       :         MEMORANDUM AND
BGC FINANCIAL, L.P.,                                                   :              ORDER
                                                                       :
                              Respondent.                              :
                                                                       :
-----------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Simon David Andriesz ("Petitioner") instituted this action pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9–10, *et seq.*, and New York Civil Practice Law and Rule § 7511, to vacate an arbitration award arising from an arbitration between Petitioner and BGC Financial, L.P. ("Respondent"). Dkt. No. 9. Respondent is an inter-dealer broker that facilitates the trading of certain financial instruments between financial institutions. Dkt. No. 9 ¶ 3. Petitioner is a former employee and filed the arbitration in response to what he claims was an improper termination by Respondent. *Id.* ¶¶ 2, 4. On June 17, 2024, the arbitration panel issued the award and damages against Respondent and in Petitioner's favor in the amount of $500,000—a small fraction of the total damages Petitioner sought. *Id.* ¶ 12; Dkt. No. 8–1. The arbitration panel additionally assessed filing fees against Respondent. Dkt. No. 9 ¶ 12; Dkt. No. 8–1.

On September 16, 2024, Petitioner filed this motion for vacatur. Dkt. No. 4. In support of the motion, Petitioner submitted a memorandum of law and a declaration attaching ninety exhibits. Dkt. Nos. 5–8. Petitioner's memorandum of law in support of vacatur argues that vacatur is appropriate because the award is in manifest disregard of the of the law and facts and because it is

irrational. Dkt. No. 4. In the alternative, Petitioner seeks modification of the award or "remand" for the arbitration panel to provide clarification. *Id.* at 24.

On October 18, 2024, Respondent filed a letter motion seeking to redact certain documents Petitioner filed in support of its motion to vacate. Dkt. Nos. 16–18 (requesting that limited redactions be applied to fifteen exhibits).[1] Respondent's letter states that the materials it seeks to redact were produced in the underlying arbitration only pursuant to a confidentiality agreement, and therefore sealing should be permitted in this action. Dkt. No. 16 at 2; Dkt. Nos. 17-1, 17-2. In the alternative, Respondent argues that the proposed redactions relate to sensitive, non-public information regarding Respondent's revenues and business strategies or to personal information of individuals not party to this suit. Dkt. No. 16 at 2–3. Petitioner consents to Respondent's motion to seal and to the proposed redactions. Dkt. No. 17 ¶ 24.

## DISCUSSION

Under both the First Amendment and the common law, "there is a presumption of immediate public access to judicial documents." *Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022). That presumption ensures the legitimacy and accountability of the courts, as "professional and public monitoring is an essential feature of democratic control," without which "the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1048 (2d Cir. 1995)); *see also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public

---

[1] Petitioner originally filed the documents publicly without any redactions. Upon Respondent's request, the clerk sealed the fifteen exhibits pending the Court's resolution of Respondent's letter motion requesting sealing.

scrutiny."). But monitoring is simply "not possible without access to testimony and documents that are used in the performance of Article III functions." *Lugosch*, 435 F.3d at 119 (quoting *Amodeo II*, 71 F.3d at 1048).

"In determining whether to permit the sealing of records filed in federal court, the Court engages in a three-step analysis." *Major League Baseball Players Ass'n v. Arroyo*, 2024 WL 3028432, at *2 (S.D.N.Y. June 17, 2024). "First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Second, "if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document." *Id.* (quotation omitted). Third, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

First, the documents at issue are judicial documents. For a document to be considered a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 145 (2d Cir. 1995); *see Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (same). "[I]t is well settled in this District that 'the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication of that petition.'" *Clearwater Ins. Co. v. Granite State Ins. Co.*, 2015 WL 500184, at *3 (S.D.N.Y. Feb. 5, 2015) (quoting *Aloi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012)) (collecting cases). Materials supporting a petition to vacate an arbitration award are likewise judicial documents. *See Mercantile Glob. Holdings, Inc. v. Hamilton M&A Fund, SP*, 2024 WL 1974276, at *1 (S.D.N.Y.

May 3, 2024) ("[D]ocuments submitted in connection with a petition to confirm or vacate an arbitral award are relevant to a court's decision to confirm the award.").

Second, a strong presumption of public access attaches to papers submitted in connection with a motion to vacate an arbitration award. The "weight of the presumption [of access] is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119–20). The highest presumption applies to "matters that directly affect an adjudication." *Lugosch*, 435 F.3d at 119 (quoting *Amodeo II*, 71 F.3d at 1049). The presumption of public access is predicated upon "the need for federal courts," in the discharge of their substantive duties and "particularly because they are independent[,] . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *Amodeo II*, 71 F.3d at 1048); *see also TIG Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2019 WL 6310208, at *5 (S.D.N.Y. Nov. 25, 2019) ("[B]y availing themselves of the judicial process, the parties must also contend with the values of transparency and public access which undergird its legitimacy."). Those important objectives are implicated by the judicial documents here. Petitioner instituted this action on the ground that the arbitration panel "manifestly disregarded the law and evidence in issuing an Award that is . . . factually and logically inexplicable." Dkt. No. 9 ¶ 1. The materials on which the panel based its award are thus central to the judicial function in assessing whether vacatur is appropriate on that basis. *See Caremark, L.L.C. v. N.Y. Cancer & Blood Specialists*, 2023 WL 8280972, at *2 (S.D.N.Y. Nov. 30, 2023) ("[T]hese judicial documents are entitled to a strong presumption of access given that they 'directly affect' the Court's adjudication of the petition to vacate." (quoting *Lugosch*, 435 F.3d at 121)).

4

Third, Respondent has established the existence of countervailing factors that outweigh the strong presumption of public access only to the extent that the proposed redactions pertain to sensitive, non-public information regarding Respondent's revenues and business strategy or the sensitive personal information of individuals not party to this suit. "Countervailing factors include: the danger of impairing law enforcement or judicial efficiency; the need to safeguard grand jury transcripts and medical records; the protection of attorney-client privilege; and the privacy interests of those resisting disclosure, such as trade secrets." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2023 WL 5956144, at *3 (S.D.N.Y. Sept. 13, 2023) (punctuation omitted) (citing *SEC v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001); *Dunham v. City of New York*, 2021 WL 918373, at *1 n.1 (S.D.N.Y. Mar. 10, 2021); *Lugosch*, 435 F.3d at 125; *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154 (S.D.N.Y. 2014)).

Respondent argues that, as a blanket matter, all of the materials produced in the arbitration are entitled to be filed under seal because they were produced pursuant to a confidentiality stipulation. It relies on language from the Second Circuit's opinion in *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62 (2d Cir. 2023), that "any presumption of public access to judicial documents is outweighed by the importance of confidentiality under the [Federal Arbitration Act]." Dkt. No. 16 at 2 (emphasis omitted) (citing *Stafford*, 78 F.4th at 65, 70, *cert. denied* 144 S. Ct. 1011 (2024)). But, as this Court has previously explained, "*Stafford* does not stand for the broad proposition that any document generated or submitted in the course of an arbitration is entitled to continued confidentiality in federal court by virtue of that fact alone." *Arroyo*, 2024 WL 3028432, at *3 n.1. On its facts, *Stafford* stands for the more limited proposition that "confidential documents obtained in an arbitration are appropriately sealed when a petition to confirm an arbitration award has become moot and the purpose of counsel in placing the documents in a court file [i]s not to obtain

5

satisfaction of the award but to 'evade the confidentiality provision to which [the plaintiff] agreed in her arbitration agreement' and to use the documents in other proceedings." *Eletson*, 2023 WL 5956144, at *4 (quoting *Stafford*, 78 F.4th at 71); *see also Billie v. Coverall N. Am. Inc.*, 2024 WL 4380618 (2d Cir. Oct. 3, 2024) (holding that arbitration documents should be sealed when the petition to confirm an arbitration award was moot and the only interest in public disclosure was to make the documents available to other litigants pursuing similar claims); *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, 2024 WL 1329381, at *5 (S.D.N.Y. Mar. 28, 2024) (holding that the parties' "privacy and business interests in the Arbitration . . . do not justify redaction here"). The Second Circuit's ruling in *Stafford* thus did not set forth some categorical rule permitting confidentiality agreements in arbitrations to bind district courts reviewing the resulting arbitration awards. Instead, the Circuit noted that "[i]n weighing disclosure, courts must consider not only the sensitivity of the information and the subject" but also "how the person seeking access intends to use the information" to prevent court filings from becoming a vehicle for improper purposes. *Stafford*, 78 F.4th at 70–71 (citation omitted); *accord Mirlis*, 952 F.3d at 62 ("[C]ourts should consider personal motives (including an applicant's desire to pursue an individual vendetta) at the third, balancing step of the inquiry." (citation omitted)).[2] Respondent has not identified any such improper purpose lurking here.

---

[2] Respondent's citation to *In re IBM Arb. Agreement Litig.*, 76 F.4th 74 (2d Cir. 2023) is similarly inapposite. Dkt. No. 16 at 2. There, the Second Circuit held that "Plaintiffs initially sued to invalidate the Confidentiality Provision, so denying IBM's sealing request would be to grant Plaintiffs the relief they sought in the first instance" and to "create a legal loophole." *In re IBM*, 76 F.4th at 86 (citation omitted), *cert. denied sub nom. Abelar v. Int'l Bus. Machs. Corp.*, 144 S. Ct. 827 (2024). Furthermore, the documents at issue in *In re IBM* were subject to a low presumption of public access because the summary judgment motion to which they were attached had been denied as moot. *Id.* at 85–86.

Respondent has, however, identified alternative countervailing factors that weigh against unfettered public access to the documents. Respondent states that many of the proposed redactions "relate to sensitive, non-public information regarding the revenues and business development strategies of [Respondent's] New York and London Futures desks" including "purported revenues generated over certain time periods by the desks" and "strategies for recruiting and staffing brokerage teams or generating new business from clients." Dkt. No. 16 at 2–3. The remainder of the redactions relate to sensitive personal information regarding non-party employees of Respondent including "the purported compensation and compensation arrangements for non-party employees (as well as their names), as well as statements regarding the medical history of certain non-party employees and their family members." *Id.* at 3. Courts commonly find that documents containing confidential business information such as marketing plans, business strategies, and revenue information satisfy the sealing standard "when disclosure of that information could 'provide competitors with an unearned advantage.'" *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (quoting *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020)); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021); *Amodeo II*, 71 F.3d at 1051.[3] "Personal medical information implicates significant privacy interests that overcome the strong presumption of public access, and this information has minimal relevance to the Court's decision." *Thor Equities, LLC v. Factory Mut. Ins. Co.*, 2023 WL 6382684, at *1 (S.D.N.Y. Sept. 29, 2023) (citation omitted).

---

[3] Courts "have been skeptical of sealing information that is [alleged to be] commercially sensitive, particularly where it is highly relevant to the dispute and by extension, to the public's understanding of the court's decision." *In re Keurig*, 2023 WL 196134, at *4; *accord Eletson Holdings*, 2023 WL 5956144, at *4. However, given the subject of the arbitration, there is no reason to believe that Respondent's proposed redactions concerning Respondent's revenues and business strategies are "highly relevant" to the object of this dispute.

Similarly, non-parties' privacy interests in their sensitive financial and other personal information may overcome the presumption of public access. *See In re Keurig*, 2023 WL 196134, at *10; *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 2023 WL 2674742, at *1 (S.D.N.Y. Mar. 29, 2023) *City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 1177737, at *1 (S.D.N.Y. Mar. 29, 2021) (Nathan, J).

Respondent additionally requests redaction of the names of non-party employees. Dkt. No. 18. "[C]ase law holds that such information may be redacted where an employee is not a party to [the] action in light of the individual's privacy interests." *Okla. Firefighters Pension & Ret. Sys. v. Musk*, 2024 WL 2305264, at *2 (S.D.N.Y. May 20, 2024) (citing *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022)); *see Kelly v. City of New York*, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003). Such redaction is additionally appropriate where the named employees are not accused of any wrongdoing and have no special relevance to the underlying dispute. *See Kelly*, 2003 WL 548400, at *6.; *In re Savitt/Adler Litig.*, 1997 WL 797511, at *4 (N.D.N.Y. Dec. 23, 1997) ("[T]he public can assess the Attorney General's actions without the names of the individual AAGs."); *cf. Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 625 (S.D.N.Y. 2011) (denying motion to redact names of non-party employees accused of involvement in unlawful discrimination).

## CONCLUSION

The Court has reviewed the proposed redactions as they relate to sensitive commercial information and sensitive non-party information. Respondent's request to seal is granted on those grounds only.

SO ORDERED.

Dated: October 23, 2024
      New York, New York

                                                    LEWIS J. LIMAN
                                       United States District Judge