UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMON D. ANDRIESZ, <br><br>       Petitioner, <br><br>For an Order Pursuant to 9 U.S.C.A. § 1 *et seq.* and CPLR § 7551 Vacating or Amending an Arbitration Award <br><br>       -against- <br><br>BGC FINANCIAL, L.P., <br><br>       Respondent. | Case No. 1:24-cv-07004-LJL <br><br>**Hon. Lewis J. Liman** <br><br>**DECLARATION OF NIRAV S. SHAH IN SUPPORT OF RESPONDENT'S OPPOSITION TO PETITION AND MOTION TO VACATE OR MODIFY** |

I, Nirav S. Shah, do hereby declare and state as follows:

1. I am an attorney admitted to practice in the State of New York and in the Southern District of New York. I currently serve as a Senior Managing Director and Co-Head of Litigation for Cantor Fitzgerald and its affiliated companies, including Respondent BGC Financial, L.P. ("BGC," or "Respondent").

2. I submit this Declaration in support of Respondent's opposition to the Petitioner Simon D. Andriesz's petition (the "Petition," *see* ECF No. 9) and corresponding motion to vacate or modify (the "Motion," *see* ECF No. 4) the award from the recent FINRA arbitration, FINRA Matter No. 22-02539 (the "Arbitration"), between the Parties.

3. I served as lead arbitration counsel for BGC in the Arbitration, as well as the prior arbitration brought by Petitioner against BGC.

1

4. On or about June 19, 2019, Petitioner filed a Statement of Claim in a FINRA arbitration action against BGC and numerous additional parties. The action was FINRA Matter No. 19-01751 (the "Prior Arbitration"). The FINRA panel dismissed the case without prejudice before any hearing.

5. Attached hereto as **Exhibit 1** is a true and correct copy of the FINRA panel's award from the Prior Arbitration.

6. Petitioner initiated the Arbitration in November 2022 following the dismissal of his prior case. After limited additional discovery, there were twelve total days of hearings before a FINRA panel of three arbitrators (the "Panel"), with evidentiary hearings (during which ten witnesses testified) on January 9-12, January 16-18, January 24-25, and February 8-9, 2024, as well as closing arguments on May 15, 2024.

7. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts from the transcript of Mr. Andriesz's testimony in the Arbitration on January 9, 2024.

8. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from the transcript of Mr. Andriesz's testimony in the Arbitration on January 12, 2024.

9. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from the transcript of Mr. Andriesz's testimony in the Arbitration on January 25, 2024.

10. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the transcript of the testimony of Petitioner's damages expert, Dr. Stan Smith, on January 12, 2024.

11. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the transcript of the testimony of Roberto Velez of BGC on January 24, 2024.

12. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the transcript of the testimony of Michael Sulfaro, BGC's Chief Compliance Officer, on January 25, 2024.

13. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the transcript of the testimony of Patricia Dreste, a human resources professional for Respondent, on February 8, 2024.

14. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from the transcript of the testimony of Jonathan McLachlan, a BGC business manager, on February 9, 2024.

15. Between the close of the record on February 9, 2024, and closing arguments, the Parties submitted post-hearing briefing on April 12, 2024, as well as supplemental written submissions on May 10, 2024, in response to specific additional questions from the Panel.

16. Attached hereto as **Exhibit 10** is a true and correct copy of the post-hearing brief submitted to the Panel on April 12, 2024 on behalf of the respondents (including BGC) in the Arbitration.

17. Attached hereto as **Exhibit 11** is a true and correct copy of the supplemental written submission submitted to the Panel on May 10, 2024 on behalf of the respondents (including BGC) in the Arbitration.

18. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts from the transcript of the closing argument before the Panel on May 15, 2024.

19. Attached hereto as **Exhibit 13** is a true and correct copy of Mr. Andriesz's signed Dispute Resolution and Policy Agreement with BGC, dated February 17, 2015.

20. Attached as **Exhibit 14** is a true and correct copy of Mr. Andriesz's May 28, 2012 employment agreement with BGC Brokers, LP, which was admitted into evidence at the Arbitration as Joint Exhibit 7.

21. Attached as **Exhibit 15** is a true and correct copy of a May 15, 2015 email between Jonathan McLachlan, Dyanne Rosado, and Jean-Pierre Aubin of BGC, which was admitted into evidence at the Arbitration as Joint Exhibit 69.

22. Attached as **Exhibit 16** is a true and correct copy of a September 18, 2015 email between Ms. Rosado and Mr. Aubin, which was admitted into evidence at the Arbitration as Joint Exhibit 101.

23. Attached as **Exhibit 17** is a true and correct copy of an October 16, 2015 email between Mr. Andriesz and Edward Kirk, which was admitted into evidence at the Arbitration as Joint Exhibit 119.

24. Attached as **Exhibit 18** is a true and correct copy of a November 20, 2015 email between Mr. Andriesz, Mr. Kirk, and Simon Conroy, which was admitted into evidence at the Arbitration as Joint Exhibit 126.

25. Attached as **Exhibit 19** is a true and correct copy of a January 26, 2016 email between Sandra Carmichael of BGC and Mr. Aubin, which was admitted into evidence at the Arbitration as Joint Exhibit 147.

26. Attached as **Exhibit 20** is a true and correct copy of a January 28, 2016 email between Mr. Andriesz and Mr. Aubin, which was admitted into evidence at the Arbitration as Joint Exhibit 151.

27. Attached as **Exhibit 21** is a true and correct copy of a February 5, 2016 email between Mr. Andriesz, Mr. Aubin, Ms. Rosado, Ms. Dreste, and Louis Scotto of BGC, which was admitted into evidence at the Arbitration as Joint Exhibit 178.

28. Attached as **Exhibit 22** is a true and correct copy of a March 11, 2016 email between Ms. Dreste, Mr. Andriesz, and Ms. Rosado, which was admitted into evidence at the Arbitration as Joint Exhibit 215.

29. Attached as **Exhibit 23** is a true and correct copy of a June 10, 2016 medical report drafted by Mr. Andriesz's then-physician, Dr. Stuart Orsher, which was admitted into evidence at the Arbitration as Joint Exhibit 256.

30. Attached as **Exhibit 24** is a true and correct copy of a September 20, 2016 email between Jacqueline Bauer, Carrie Fertig, and Aldric Marinos (all of BGC), as well as Mr. Scotto, and Mr. Aubin, which was admitted into evidence at the Arbitration as Joint Exhibit 277.

31. Attached as **Exhibit 25** is a true and correct copy of a November 8, 2016 email between Hayley Nicolaou of BGC and Ms. Fertig, which was admitted into evidence at the Arbitration as Joint Exhibit 305.

32. Attached as **Exhibit 26** is a true and correct copy of a November 10, 2016 email between Mr. Andriesz, Ms. Nicolaou, and John Skitt of BGC, which was admitted into evidence at the Arbitration as Joint Exhibit 310.

33. Attached as **Exhibit 27** is a true and correct copy of a November 15, 2016 email between Mr. Andriesz, Ms. Fertig, and Mr. Skitt, which was admitted into evidence at the Arbitration as Joint Exhibit 314.

34. Attached as **Exhibit 28** is a true and correct copy of a November 30, 2016 email from Mr. Andriesz to Paul Pion, an executive of a BGC affiliate, which was admitted into evidence at the Arbitration as Joint Exhibit 331

35. Attached as **Exhibit 29** is a true and correct copy of a December 21, 2016 letter from Ms. Dreste to Mr. Andriesz, which was admitted into evidence at the Arbitration as Joint Exhibit 361.

36. Attached as **Exhibit 30** is a true and correct copy of a December 23, 2016 letter from Ms. Dreste to Mr. Andriesz, which was admitted into evidence at the Arbitration as Joint Exhibit 362.

37. Attached as **Exhibit 31** is a true and correct copy of a November 20, 2019 medical report drafted by Mr. Andriesz's then-psychiatrist, Dr. James Kustow, which was admitted into evidence at the Arbitration as Joint Exhibit 414.

38. Attached as **Exhibit 32** is a true and correct copy of a February 22, 2020 Form WB-APP submitted by Mr. Andriesz to the Commodity Futures Trading Commission, which was admitted into evidence at the Arbitration as Joint Exhibit 421.

39. Attached as **Exhibit 33** is a true and correct copy of excerpts from a collection of notes drafted by Mr. Andriesz's current physician, Dr. Will Morgan, which purport to memorialize a number of conversations between Dr. Morgan and Mr. Andriesz on various dates in 2021, and which was admitted into evidence at the Arbitration as Joint Exhibit 465.

40. Attached as **Exhibit 34** is a true and correct copy of a collection of notes drafted by Dr. Smith between 2017 and 2022 regarding Mr. Andriesz's potential damages and his conversations with Dr. Smith, which was admitted into evidence at the Arbitration as Joint Exhibit 467.

41. Attached as **Exhibit 35** is a true and correct copy of a March 1, 2016 email from Mr. Andriesz to Tommy Attrill of BGC, which was admitted into evidence at the Arbitration as Joint Exhibit 469.

42. Attached as **Exhibit 36** is a true and correct copy of an email from Petitioner's counsel, Ethan Leonard, to myself dated September 19, 2024, in which Mr. Leonard asked me if I would accept service of the Petition and Motion on behalf of BGC. To my knowledge, prior to receiving this email, BGC received no communications or transmittals purporting to serve the Petition and Motion.

Having reviewed this Declaration, I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: December 6, 2024
      New York, New York

                                                    */s/ Nirav S. Shah*
                                                    Nirav S. Shah

                                                    *Attorney for Respondent BGC Financial, L.P.*