

Nirav S. Shah
110 East 59th Street, 7th Floor
New York, New York 10022
T: (212) 294-7873
Email: nirav.shah@cantor.com

December 6, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court 500 Pearl Street
Southern District of New York Courtroom 15C
500 Pearl Street, Room 1620

      Re:    *Andriesz v. BGC Financial, L.P.*, No. 24-cv-07004-LJL (S.D.N.Y.) –
             Unopposed Letter-Motion Requesting Sealing of Documents

Dear Judge Liman:

      Pursuant to Attachment A of Your Honor's Individual Practices in Civil Cases, Respondent BGC Financial, L.P. ("BGC," or "Respondent") respectfully submits this letter-motion requesting the Court's approval to seal certain limited portions of documents that Respondent filed today in connection with its opposition to Petitioner Simon Andriesz's ("Petitioner," or "Andriesz," and, together with BGC, the "Parties") petition (the "Petition," *see* ECF No. 9) and corresponding motion to vacate or modify (the "Motion," *see* ECF No. 4) the recent arbitration award between the Parties, and to file a redacted version for the public record. BGC's proposed redactions to these exhibits, and the bases for these redactions, are submitted in connection with this filing. *See* Shah Decl. ¶ 3. The Parties have met and conferred in good faith about the materials to be filed under seal, and the proposed redactions, and counsel for Petitioner has indicated his consent to sealing and redacting these exhibits as requested by BGC herein. *See* Shah Decl. ¶ 5.

      Each of the documents in question are either a) exhibits or transcripts of testimony from the parties' prior arbitration, which were designated confidential in accordance with FINRA dispute resolution practices and the parties' protective orders, or b) briefing that purports to summarize the content of produced records that were designated as confidential. *See* Shah Decl. ¶ 4. More importantly, however, the information in these documents that BGC seeks to redact is either 1) non-public, commercially sensitive information regarding the revenues of BGC's futures desks and the business development and hiring strategies of those desks; or 2) sensitive, non-public information regarding individuals who were topics of the arbitration, specifically information regarding the compensation, and compensation arrangements, of non-party BGC employees (as well as their names), as well as sensitive medical information (including medical records) of both the Petitioner and non-party individuals. Courts, including this Court (*see* ECF No. 19) have regularly held that the interests that would be imperiled by public disclosure of this information

are strong enough to overcome the ordinary strong presumption of public access to judicial documents, as explained further below.

**I.   Non-Public, Commercially Sensitive Information Related to BGC's Revenues and Business Strategies Should Be Sealed**

"Business secrecy" is a well-established factor "outweigh[ing] the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). As evidenced in the accompanying Shah Declaration, many of BGC's requested redactions relate to sensitive, non-public information regarding the revenue totals and business strategies of BGC's New York and London futures desks. This includes 1) the purported revenue figures of the desks; 2) information regarding confidential business initiatives, such as business development and hiring strategies; and 3) the names of non-party brokers implicated in those strategies. *See* Shah Decl. ¶ 3. The public disclosure of this information would competitively disadvantage BGC by making its performance figures and business strategies publicly available to competitors. Consequently, this information merits sealing and redaction, even though the proposed redactions are to judicial documents. *See, e.g.*, *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (reasoning that "courts will commonly grant a company's request for sealing of proprietary business information . . . when disclosure of that information could provide competitors with an unearned advantage" (quoting *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020)) (internal quotation marks omitted)); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (authorizing sealing and redaction of "confidential information . . . including details of Microsoft's sources of revenue and the amounts of its revenue and sales"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (authorizing redaction of text disclosing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)).

**II.   Non-Public Information Related to the Compensation and Medical History of Non-Parties, as Well as the Medical Reports of Petitioner, Should Be Sealed to Protect Their Privacy**

The remainder of BGC's proposed redactions concern sensitive personal information relating to both Petitioner and non-party individuals. This information to be redacted discloses 1) purported compensation and compensation arrangements for non-party employees (as well as their names, in connection with discussion of their compensation), 2) statements regarding the medical histories of Petitioner, certain non-party BGC employees, and other non-parties, and 3) medical reports from Petitioner's doctors (which BGC seeks to seal in full). *See* Shah Decl. ¶ 3. Many courts within the Southern District have agreed that the personal privacy interests implicated by these types of information overcome the presumption of public access and merit sealing. *See, e.g.*, *Thor Equities, LLC v. Factory Mut. Ins. Co.*, No. 20 CIV. 3380 (AT), 2023 WL 6382684, at *1 (S.D.N.Y. Sept. 29, 2023) (granting motion to seal and reasoning that "[p]ersonal medical information implicates significant privacy interests that overcome the strong presumption of public access" (internal quotation marks omitted)); *City of Almaty v. Ablyazov*, No. 15-CV-5345 (AJN), 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021) (granting non-party individual's request to

seal documents containing "private financial information in which he has significant privacy interests"); *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, No. 18 CIV. 11366 (LLS), 2023 WL 2674742, at *1 (S.D.N.Y. Mar. 29, 2023) (reasoning that "[t]he protection of personal identifying information of non-parties is a higher value that merits sealing" and granting motion to seal documents containing "the names . . . of individuals, who are not party to this litigation" because "[c]lear harm could result from releasing that information to the public").

### III.  Conclusion

       For the above reasons, Respondent BGC Financial, L.P. respectfully requests that the Court grant its unopposed letter-motion to seal.

Respectfully Submitted,

*/s/ Nirav S. Shah*
Nirav S. Shah

*Counsel for Respondent BGC Financial, L.P.*

CC:   All counsel of record (via ECF)