

Nirav S. Shah
110 East 59th Street, 7th Floor
New York, New York 10022
T: (212) 294-7873
Email: nirav.shah@cantor.com

December 31, 2024

**VIA ECF**

Hon. Lewis J. Liman
Daniel Patrick Moynihan United States Courthouse
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

    Re:    *Andriesz v. BGC Financial, L.P.*, No. 24-cv-07004-LJL (S.D.N.Y.) – Letter-Motion Requesting Leave to File Sur-Reply

Dear Judge Liman:

    Respondent BGC Financial, L.P. ("BGC," or "Respondent") respectfully submits this letter-motion requesting that the Court grant BGC leave to file the short sur-reply and supporting attorney declaration attached as **Exhibits A** and **B** to this letter-motion.  These proposed filings are required to address a new and demonstrably inaccurate (or highly misleading, at best) claim by Petitioner Simon D. Andriesz ("Petitioner," or "Andriesz") in his reply papers (*see* ECF Nos. 31, 32).  The assertion in question is Petitioner's claim that the underlying arbitration award (the "Award") was not served on his counsel until June 19, 2024, and that consequently, his petition (the "Petition," see ECF No. 9) and corresponding motion to vacate or modify (the "Motion," see ECF No. 4) was filed within the applicable statute of limitations.

    In every instance in which Petitioner mentioned the date of the Award in his opening papers, Petitioner implied that he received notice of the award on June 17, 2024.  (*See* Petition, ¶¶ 1 ("This Petition seeks to vacate the June 17, 2024 award of the FINRA Arbitration Panel . . . ."), 12 ("On June 17, 2024, the Arbitrators issued the Award . . . ."); Motion at 1 (stating that "the award of the arbitrators in the arbitration proceedings" was "signed and acknowledged the 17th day of June, 2024"); ECF No. 5 at 1 (seeking "to vacate the June 17, 2024 award"), 3 ("On June 17, 2024, the Arbitrations issued an award . . . ."); ECF No. 6, ¶ 4 ("Attached hereto as Exhibit A is a true copy of the June 17, 2024, award . . . .").  And, most notably, the Award itself, which Petitioner included as an exhibit, states on its face that the "Date of Service" is "June 17, 2024." (ECF No. 7-1 at 6.)  However, Petitioner effectively re-pleaded this portion of the Petition on reply by asserting, for the first time, that his counsel "did not receive notice of the Award's posting on FINRA's website" until "after the close of business, on June 18, 2024."  (*See* ECF No. 31 at 13.)

To corroborate this statement, Petitioner's counsel has also submitted a declaration attaching a purported screenshot of a single line of his Outlook inbox, describing the receipt of an email that was not itself attached in full. (*See* ECF No. 32, ¶ 4 & Ex. 1.) Based on this premise, Petitioner asserts the date for computing the applicable statute of limitations is June 19, 2024. (*See* ECF No. 31 at 13-14 n.9.) Consequently, Petitioner reasons that "the September 19, 2024 [email to BGC's counsel providing] notice . . . of the Petition and motion" – exactly three months later – "was timely" under the Federal Arbitration Act. (*See id.*)

There are two principal reasons why BGC should be granted leave to respond to this claim. *First*, Petitioner could, and should, have included this argument and the cited evidence in his opening papers, but neglected to do so. All of the information referenced above was available to Petitioner at the time of his initial filing. And, given that i) the Award has a recorded service date of "June 17, 2024", ii) Petitioner did not successfully file his Petition to ECF until September 17, 2024, and iii) Petitioner did not attempt to serve the Petition and Motion on Respondent until September 19, 2024, Petitioner could have anticipated that there might be questions as to timeliness. But because Petitioner withheld this information until reply, BGC will be deprived of any opportunity to respond and correct the factual record unless leave to file a sur-reply is granted. *Second*, Petitioner would not be prejudiced if this Court granted leave. To efficiently consolidate its opposition to the Petition on both timeliness and substantive grounds, BGC included its statute of limitations defense in its opposition to the Petition and accompanying memorandum of law. (*See* ECF Nos. 25, 26.) However, BGC could have contested timeliness through a separate motion to dismiss, as other parties contesting petitions to vacate arbitration awards before your honor have done. *See, e.g.*, *Tarulli v. Ameriprise Fin. Servs., Inc.*, No. 19CV2039LJLOTW, 2020 WL 9219110, at *2 (S.D.N.Y. Apr. 14, 2020), *report and recommendation adopted sub nom. Tarulli v. Ameriprise Fin. Servs., Inc.*, No. 19-CV-2039 (LJL), 2020 WL 13562062 (S.D.N.Y. Sept. 24, 2020) (Liman, J.). In that case, BGC would have been entitled to file both an opening and reply brief. *See id.* Consequently, it would be neither unusual nor prejudicial for BGC to be afforded a single, brief opportunity to respond to Petitioner's purported evidence and argumentation as to why the Petition and Motion are timely.

For the above reasons, Respondent BGC Financial, L.P. respectfully requests that the Court grant leave to BGC to file the attached sur-reply and accompanying declaration.

Regards,

/s/ Nirav S. Shah

Nirav S. Shah

*Counsel for Respondent BGC Financial, L.P.*

CC: All counsel of record (via ECF)