# Exhibit A - Proposed Sur-Reply

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMON D. ANDRIESZ,<br><br>　　　　　　Petitioner,<br><br>For an Order Pursuant to 9 U.S.C.A. § 1 *et seq.* and CPLR § 7551 Vacating or Amending an Arbitration Award<br><br>　　　-against-<br><br>BGC FINANCIAL, L.P.,<br><br>　　　　　　Respondent. | Case No. 1:24-cv-07004-LJL<br><br>**Hon. Lewis J. Liman** |

### RESPONDENT'S SUR-REPLY IN OPPOSITION TO PETITION AND MOTION TO VACATE OR MODIFY ARBITRATION AWARD

　

Nirav S. Shah, Assistant General Counsel (NS1229)
CANTOR FITZGERALD SECURITIES
110 E. 59th Street, 7th Floor
New York, New York 10022
(212) 294-7873 (NSS)
nirav.shah@cantor.com

*Attorney for Respondent BGC Financial, L.P.,*

December 31, 2024

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................. 1

ADDITIONAL FACTUAL BACKGROUND ........................................................................ 1

ARGUMENT ............................................................................................................................ 2

    I.   PETITIONER HAS NOT PRESENTED RELIABLE EVIDENCE OF HIS COUNSEL'S DELAY IN RECEIVING NOTIFICATION OF THE AWARD ............. 2

    II.  THE SOL BEGAN RUNNING WHEN FINRA SERVED THE AWARD ON THE PARTIES BY POSTING IT ON THE PORTAL ....................................................... 3

    III. ALTERNATIVELY, THE SOL COMMENCED WHEN PETITIONER'S COUNSEL OBTAINED A COPY OF THE AWARD ON MIDDAY JUNE 18, 2024 .................................................................................................................................. 4

CONCLUSION ........................................................................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Marshak v. Original Drifters, Inc.*,
   No. 19 CIV. 7035 (PGG), 2020 WL 1151564 (S.D.N.Y. Mar. 10, 2020) .................................4

*Mirror Worlds Techs., LLC v. Facebook, Inc.*,
   588 F. Supp. 3d 526 (S.D.N.Y. 2022) ...................................................................................3

**Statutes**

9 U.S.C. § 12 ..........................................................................................................................1, 3, 4

**Other Authorities**

*Dispute Resolution Portal (DR Portal)*, FINRA (2024),
   www.finra.org/arbitration-mediation/rules-case-resources/dr-portal ...................................1, 2

FINRA, *FINRA DR Portal: User Guide for Arbitration and Mediation Case
   Participants* (October 2024), *available at* www.finra.org/sites/default/files/dr-
   portal-user-guide-parties.pdf .....................................................................................................2

FINRA Code of Arbitration Procedure for Industry Disputes, Rule 13300 (2024) ........................2

**PRELIMINARY STATEMENT**[1]

BGC submits this sur-reply to respond to Petitioner's new argument on reply that the applicable statute of limitations ("SOL") to file his Petition and Motion did not begin running until June 19, 2024. As an initial matter, Petitioner has not propounded any reliable evidence that his counsel only became aware of the Award's publication on the evening of June 18. A single screenshot of a single line of counsel's Outlook inbox – which does not even indicate whether the email described in that line is the email from the Panel transmitting the Award – does not pass muster. But even if the Court were to credit this evidence, the Petition and Motion would still be untimely. First, under the language of the Federal Arbitration Act ("FAA"), the clock began running on June 17, when FINRA filed the Award for the Parties' viewing on the online docketing system the parties were required to use for filing and receiving service. Second, even if this Court holds that the SOL only commenced once Petitioner's counsel learned that the Award was available, emails attached to the attorney declaration submitted with this filing prove that counsel was notified of the Award and reviewed it by midday on June 18. In short, both the law and the facts are clear that Petitioner's attempt to serve his opening papers on September 19, 2024 occurred after the three-month SOL under the FAA had already expired.

**ADDITIONAL FACTUAL BACKGROUND**

Because Petitioner arbitrated through FINRA, Petitioner consented to the use of the FINRA DR Portal (the "Portal") for service and receipt of case filings. The Portal is an online "self-service system that allows participants in an arbitration" to perform administrative tasks including "fil[ing] an arbitration claim," "view[ing] case documents," and "send[ing] documents to FINRA and other

---

[1] All capitalized terms not defined herein are defined as in BGC's prior memorandum of law in opposition to the Petition and Motion. (*See* ECF No. 26.)

1

case participants."[2]  In fact, FINRA's rules require that "[p]arties must use the Party Portal . . . to file and serve pleadings and any other documents" except for document productions in discovery.[3]  Service of documents "is accomplished on the day of submission through the Party Portal."[4]  Furthermore, FINRA does not email full copies of communications and rulings from the Panel directly to the parties.  Rather, parties are "notified of received documents via email as well as [by] a message on their DR Portal," and must then access the Portal, where they can "see these documents in their 'Documents' tab for the associated case within minutes" of submission.[5]

Records from the Portal prove that the Award in this case and accompanying service letter were posted to the Portal for the parties' viewing no later than 12:40 PM on June 17, 2024.  (*See* Shah Decl., Exs. 1, 2.)  Petitioner does not appear to dispute this.  Indeed, Respondent's counsel received a notification of this posting and was able to download a copy of the Award only minutes later.  (*See id.*, Ex. 3.)  Ultimately, all Petitioner's counsel appears to be asserting is that due to failures or delays with their own email system, FINRA's notification that the Award was published to the Portal (which Respondent's counsel received within minutes) did not appear in counsel's email inbox until a day and a half later.

**ARGUMENT**

I. **PETITIONER HAS NOT PRESENTED RELIABLE EVIDENCE OF HIS COUNSEL'S DELAY IN RECEIVING NOTIFICATION OF THE AWARD**

As an initial matter, the only "evidence" that Petitioner's counsel submits to corroborate the claim that they "did not receive notice of the Award's posting . . . until 7:35 p.m. . . . on June

---

[2] *See Dispute Resolution Portal (DR Portal)*, FINRA (2024), www.finra.org/arbitration-mediation/rules-case-resources/dr-portal.
[3] FINRA Code of Arbitration Procedure for Industry Disputes, Rule 13300(a) (2024).
[4] *Id.*, Rule 13300(b) (2024).
[5] FINRA, *FINRA DR Portal: User Guide for Arbitration and Mediation Case Participants* (October 2024) at 32, *available at* www.finra.org/sites/default/files/dr-portal-user-guide-parties.pdf

2

18, 2024" (*see* ECF No. 31 at 13) is a partial screenshot of one line of an Outlook inbox (*see* ECF No. 32, Ex. 1). This screenshot, on its own, is devoid of any indicia of reliability or authenticity. The description line in counsel's inbox displayed in the exhibit does not reference 1) any of the parties in the underlying arbitration, 2) the case number of the underlying arbitration, or 3) the posting of an arbitration award. Moreover, Petitioner's counsel has not presented a full copy of the actual email in question. Consequently, this Court cannot reliably determine whether the displayed description line from counsel's inbox relates to the specific email in which FINRA first notified the Parties of the Award, or even to an email from this particular arbitration. This Court should follow the lead of others in the Southern District that have excluded arguments that rely on screenshots so vague that it cannot be determined "whether they had been cropped, or even what user action prompted the creation" of the image displayed. *See Mirror Worlds Techs., LLC v. Facebook, Inc.*, 588 F. Supp. 3d 526, 556 (S.D.N.Y. 2022).

## II. THE SOL BEGAN RUNNING WHEN FINRA SERVED THE AWARD ON THE PARTIES BY POSTING IT ON THE PORTAL

Under Section 12 of the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within *three months after the award is filed or delivered*." 9 U.S.C. § 12 (emphasis added). In the underlying arbitration, FINRA posted the Award and accompanying service letter for the Parties' viewing and download on the Portal by 12:40 PM on June 17, 2024. FINRA then immediately notified the Parties of the Award's posting through an automated email notification from the Portal, which Respondent's counsel received only a few minutes later. As the Portal is the online docketing system that FINRA's rules required the Parties to use (and which the parties had been using) for filing and receiving service of documents, Petitioner's counsel could have easily viewed and obtained a copy of the Award at any

3

time thereafter. Thus, because the Award was "filed or delivered" for the Parties' immediate access by midday on June 17, 2024, the SOL began running at that point.

Nonetheless, Petitioner's counsel now contends on reply that the SOL did not begin running until June 19, 2024 because, due to issues with their own email server, they did not receive FINRA's automated email notification of the Award's posting until "after the close of business, on June 18, 2024." (ECF No. 31 at 13.) In other words, Petitioner contends that an arbitration award that is already published to the docket for a party's viewing has not been legally served until the party becomes personally aware of such publication, even if the delay is due to the failures of the party's own systems. Petitioner cites no authority at all supporting this proposition. And conversely, courts in the Southern District have previously calculated the SOL for vacating an arbitration award as running from the date the arbitrator transmitted the award to the parties. *See Marshak v. Original Drifters, Inc.*, No. 19 CIV. 7035 (PGG), 2020 WL 1151564, at *5 (S.D.N.Y. Mar. 10, 2020) (reasoning that because the arbitration award was sent to the parties in an "Apr. 30, 2019 email and letter," the "notice of a motion to vacate had to be served 'three months' later, or by July 30, 2019"). In the end, Petitioner did not attempt to serve the Petition and Motion until at least three months and two days after the Award was served on him through the Portal. This Court should reject his legally unsupported attempt to overcome that deficiency.

### III. ALTERNATIVELY, THE SOL COMMENCED WHEN PETITIONER'S COUNSEL OBTAINED A COPY OF THE AWARD ON MIDDAY JUNE 18, 2024

Even if this Court were to credit Petitioner's argument that the SOL did not begin to run until his counsel became aware that the Award had been posted, the Petition would still be untimely under the FAA. That is because Petitioner's counsel obtained and reviewed a copy of the Award by midday on June 18, 2024 (notwithstanding any statements in Petitioner's reply papers implying something different). Indeed, at 11:30 AM that day, the undersigned emailed Petitioner's counsel,

4

Neal Brickman and Ethan Leonard, attaching a copy of the Award and asking if they could provide instructions as to payment.  (Shah Decl. Ex. 4.)  At 1:08 PM, Mr. Brickman responded and confirmed that he had received and reviewed the Award, as he stated that he was "confused" because he could not find any "portion of the Award that contains the Panel's reasoning."  (Shah Decl. Ex. 5.)  Consequently, at the very latest, the SOL began to run on June 18, 2024, meaning that counsel's attempt to serve the Petition and Motion on September 19, 2024 was at least one day late.  For this additional reason, the Petition and Motion should be rejected as untimely.

## CONCLUSION

For reasons including those articulated herein, Respondent BGC Financial, L.P. continues to respectfully request that the Petition and Motion be denied.


Dated: December 31, 2024
       New York, NY

　　　　　　　　　　　　　　　　　　　　　/s/ Nirav S. Shah
　　　　　　　　　　　　　　　　　　　　　Nirav S. Shah
　　　　　　　　　　　　　　　　　　　　　110 East 59th Street, 7th Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10022
　　　　　　　　　　　　　　　　　　　　　(212) 294-7873
　　　　　　　　　　　　　　　　　　　　　nirav.shah@cantor.com

　　　　　　　　　　　　　　　　　　　　　*Attorney for Respondent BGC Financial, L.P.*