# Exhibit 2 to Shah Declaration

# Award

*Subject Posted on 06/17/2024*

Award Service Letter.pdf( 6/17/2024 12:40:28 PM)
22-02539 Award.pdf( 6/17/2024 12:14:33 PM)

**Award Service Letter.pdf( 6/17/2024 12:40:28 PM)**



|          |                                         |
|----------|-----------------------------------------|
| **TO:**  | Neal Brickman, Esq.<br>Nirav S. Shah, Esq. |
| **CC:**  | Geoffrey M. Elkind<br>Dakota Shawn Harbison<br>Robert J. Kheel |
| **From:**| Leonie A. Feliciano<br>Senior Case Administrator |
| **Subject:** | FINRA Dispute Resolution Services Arbitration Number 22-02539<br>Simon D. Andriesz vs. BGC Financial, L.P., Cantor Fitzgerald & Co., Jean Pierre Aubin, Michael Carl Sulfaro, et al. |
| **Date:**| June 17, 2024                           |

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award. Attached please find the decision reached by the arbitrator(s) in the above-referenced matter. Accordingly, we have closed this case and removed it from our arbitration docket

Responsibility to Pay Monetary Award

FINRA rules provide that all monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;
- If the award is the subject of a motion to vacate which is denied; or
- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

Expedited Suspension Proceedings for Non-Payment of Awards

Article VI, Section 3 of the FINRA By-Laws and FINRA Rule 9554 permit FINRA to suspend or cancel the registration of any firm or associated person that fails to comply with a FINRA arbitration award.

Firms are required to notify FINRA in writing within 30 days of receipt of an award that they or their associated persons have paid or otherwise complied with the award, or to identify a valid

Investor protection. Market integrity.    FINRA Dispute Resolution Services    Brookfield Place    t 212 858 4200
Northeast Regional Office    200 Liberty Street    www.finra.org
New York, NY 10281

basis for non-payment. We also request that prevailing claimants notify us in writing when their awards have not been paid within 30 days of receipt of the award.

Written notification concerning award compliance or lack thereof should be directed to:

Lisa Lasher, Associate Director  
FINRA Dispute Resolution Services  
Brookfield Place, 200 Liberty Street, 11th Floor  
New York, NY 10281  
(561) 362-7932 | Lisa.Lasher@finra.org

### Notice to FINRA Firms

Please note that FINRA has also emailed a copy of this letter and the attached decision directly to the Executive Representative, Chief Compliance Officer, and Regulatory Inquiries Liaison of the brokerage firm.

### Right to File Motion to Vacate Award

FINRA rules provide that, unless the applicable law directs otherwise, all awards rendered are final and are not subject to review or appeal. Accordingly, FINRA has no authority to vacate this award. Any party wishing to challenge the award must make a motion to vacate the award in a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. If you are not represented by counsel and wish to challenge the award, we urge you to seek legal advice regarding any rights or remedies available to you.

### Forum Fees

You will receive separately an invoice that reflects the fees assessed and any outstanding balance or refund due. Fees are due and payable to FINRA upon receipt of the invoice and should be sent to the address specified on the invoice. Any applicable refunds will also be sent under separate cover approximately 45 days after the case closes. All questions regarding payment of fees and refunds should be directed to FINRA Finance at (240) 386-5910.

### Expungement

Brokers who obtain court confirmation of an award recommending expungement must forward a copy of the court order to CRDExpungementRequest@finra.org.

### Party Experience Survey

FINRA encourages parties to complete a Party Experience Survey, which can be submitted through the DR Portal, at the conclusion of every case. We will utilize your comments in our ongoing efforts to evaluate and improve the services our forum provides. In the DR Portal, go to the "Drafts & Submissions" tab for the associated case, select "Party Experience Survey" as the Submission Type, and press the "Start" button to access the form. If you did not use the DR Portal to manage your case, you may send an email with your feedback regarding the case to your assigned Case Administrator.

<u>Party Submissions to Arbitrators After a Case Closes</u>

FINRA rules provide that parties may not submit documents to arbitrators in cases that have been closed except under the following limited circumstances: 1) as ordered by a court; 2) at the request of any party within 10 days of service of an award, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award; or 3) if all parties agree and submit documents within 10 days of service of an award. Any documents, if submitted, must be sent through FINRA.

<u>Questions Concerning Award</u>

If you have any questions, please do not hesitate to contact me at 212-858-3928 or by email at Neprocessingcenter@finra.org. Parties should not directly contact arbitrators under any circumstances.

LZH:lzh:LC09A
idr: 05/03/2023

RECIPIENTS:
Neal Brickman, Esq., The Law Offices of Neal Brickman, P.C., 420 Lexington Avenue, Suite 2811, New York, NY 10170
On Behalf Of: Simon David Andriesz

Nirav S. Shah, Esq., Cantor Fitzgerald & Co., 110 East 59th Street, 7th Floor, New York, NY 10022
On Behalf Of: BGC Financial, L.P.; Cantor Fitzgerald & Co.; Jean Pierre Aubin; Paul Marc Pion; William Michael Shields; Mark Webster

CC:
Geoffrey M. Elkind
Dakota Shawn Harbison
Robert J. Kheel

**22-02539 Award.pdf( 6/17/2024 12:14:33 PM)**

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| <u>Claimant</u><br>Simon David Andriesz | <u>Case Number</u>: 22-02539 |
| vs. | |
| <u>Respondents</u><br>BGC Financial, L.P.<br>Cantor Fitzgerald & Co.<br>Jean Pierre Aubin<br>Paul Marc Pion<br>William Michael Shields<br>Michael Carl Sulfaro<br>Mark Webster<br>Shawn Damien McLoughlin | <u>Hearing Site</u>: New York, New York |

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Associated Person vs. Members and Associated Persons

The evidentiary hearings in this arbitration were held in-person, except for the hearings on February 8 and 9, 2024, which were held virtually.

## REPRESENTATION OF PARTIES

For Claimant Simon David Andriesz: Neal Brickman, Esq., and Ethan Leonard, Esq., The Law Offices of Neal Brickman, P.C., New York, New York.

For Respondents BGC Financial, L.P., Cantor Fitzgerald & Co., Jean Pierre Aubin, Paul Marc Pion, William Michael Shields, Michael Carl Sulfaro, and Mark Webster ("collectively Respondents"): Nirav S. Shah, Esq., Virginia J. Cardenas, Esq., and Sid Nadkarni, Esq., Cantor Fitzgerald & Co., New York, New York.

Respondent Shawn Damien McLoughlin appeared pro se.

## CASE INFORMATION

Renewed Statement of Claim filed on or about: November 8, 2022.
Simon David Andriesz signed the Submission Agreement: November 15, 2022.

Statement of Answer filed by Respondents on or about: January 6, 2023.

BGC Financial, L.P. signed the Submission Agreement: January 6, 2023.
Cantor Fitzgerald & Co. signed the Submission Agreement: January 6, 2023.
Jean Pierre Aubin signed the Submission Agreement: January 6, 2023.
Paul Marc Pion signed the Submission Agreement: January 6, 2023.
William Michael Shields signed the Submission Agreement: January 6, 2023.
Michael Carl Sulfaro signed the Submission Agreement: January 6, 2023.
Mark Webster signed the Submission Agreement: January 6, 2023
Shawn Damien McLoughlin signed the Submission Agreement: January 6, 2023.

## CASE SUMMARY

In the Renewed Statement of Claim, Claimant asserted the following causes of action: violations of the Dodd-Frank Whistleblower Statute; 10b-5 securities fraud; common law fraud; breach of employment and other contracts; fraud in the inducement; breach of fiduciary duty; breach of implied covenant of good faith & fair dealing; conversion; unjust enrichment; accounting; RICO 18 U.S.C. Section 1962(c) & (d); defamation; tortious interference with prospective and actual business relationships; failure to supervise; conflicts of interest in violation of FINRA Rules; intentional infliction of emotional distress; prima facie tort; civil conspiracy; and violations of New York Labor Law.

Unless specifically admitted in the Statement of Answer, Respondents denied the allegations made in the Renewed Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Renewed Statement of Claim, Claimant requested compensatory damages in a sum not less than $17,000,000; recission of Claimant's BGC stock purchase transactions in the Newton Plan; recission of monies Claimant was made to donate to BGC's Charity Day Event; return of monies taken from Claimant in relation to the sale of eSpeed; back pay equaling two (2) times Claimant's annual compensation under Dodd-Frank; reinstatement under Dodd-Frank or equivalent monetary value; punitive damages; pre-judgment interest at the legal rate, plus attorneys' fees and costs and disbursements incurred; and such other and further relief deemed just and equitable.

In the Statement of Answer, Respondents requested: dismissal of Claimant's Renewed Statement of Claim and denial of all claims in their entirety; an award of sanctions to Respondents under Industry Code Rule 13212; and such other and further relief as is deemed just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On January 19, 2024, Claimant filed a notice of voluntary dismissal of claims against Respondent Shawn Damien. McLoughlin. Therefore, the Panel made no determination with respect to any of the relief requests contained in the Renewed Statement of Claim against Shawn Damien. McLoughlin.

On January 19, 2024, Claimant withdrew the following causes of action: accounting; failure to supervise; conflicts of interest in violation of FINRA Rules; and prima facie tort.

On January 30, 2024, Claimant filed a notice of voluntary dismissal of claims against Respondent Michael Carl Sulfaro. Therefore, the Panel made no determination with respect to any of the relief requests contained in the Renewed Statement of Claim against Michael Carl Sulfaro.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent BGC Financial, L.P., is solely liable for and shall pay to Claimant the sum of $500,000.00 in compensatory damages.

2. All other claims against remaining Respondents Cantor Fitzgerald & Co., Jean Pierre Aubin, Mark Webster, Paul Marc Pion, and William Michael Shields, are dismissed in their entirety.

3. Any and all claims for relief not specifically addressed herein, including any requests for prejudgment, post-judgment or statutory interest, statutory and/or punitive damages, and attorneys' fees, are denied.

## FEES

Pursuant to the Code of Arbitration Procedure ("Code"), the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

Initial Claim Filing Fee                                                                                =$ 2,300.00

*The filing fee is made up of a non-refundable and a refundable portion.*

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated persons at the time of the events giving rise to the dispute. Accordingly, as parties, Respondents BGC Financial, L.P. and Cantor Fitzgerald & Co., are each assessed the following:

Member Surcharge                                                                                      =$ 4,325.00
Member Process Fee                                                                                   =$ 7,300.00

**Postponement Fees**
Postponements granted during these proceedings for which fees were waived by the Panel:

January 22-23, 2024, postponement requested by Respondents.                            Waived
May 8, 2024, postponement requested by the parties.                                          Waived

**<u>Hearing Session Fees and Assessments</u>**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrators, including a pre-hearing conference with the Arbitrators, which lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) pre-hearing sessions with the Panel @ $1,575.00/session =$ 3,150.00
Pre-Hearing Conferences:  March 31, 2023         1 session
                         January 3, 2024         1 session

Twenty-Three (23) hearing sessions @ $1,575.00/session =$ 36,225.00
Hearings:    January 9, 2024          2 sessions
             January 10, 2024         2 sessions
             January 11, 2024         2 sessions
             January 12, 2024         2 sessions
             January 16, 2024         1 session
             January 17, 2024         2 sessions
             January 18, 2024         2 sessions
             January 24, 2024         2 sessions
             January 25, 2024         2 sessions
             February 8, 2024         2 sessions
             February 9, 2024         2 sessions
             May 15, 2024             2 sessions

---

Total Hearing Session Fees                                      =$ 39,375.00

The Panel has assessed the total hearing session fees to Respondent BCG Financial L.P.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Robert J. Kheel | - | Public Arbitrator, Presiding Chairperson |
| Dakota Shawn Harbison | - | Public Arbitrator |
| Geoffrey M. Elkind | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**

*Robert J. Kheel*

Robert J. Kheel
Public Arbitrator, Presiding Chairperson

06/17/2024
Signature Date


*Dakota Shawn Harbison*

Dakota Shawn Harbison
Public Arbitrator

06/17/2024
Signature Date


*Geoffrey M. Elkind*

Geoffrey M. Elkind
Non-Public Arbitrator

06/17/2024
Signature Date


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


June 17, 2024
Date of Service (For FINRA Dispute Resolution Services use only)